IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL JUDICIAL CIRCUIT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| - vs - | ) ) | Case No. 05-10018-001 |
| KEVIN O'SHAUGNESSY, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S COMMENTARY ON SENTENCING FACTORS**

NOW COMES the Defendant, KEVIN O'SHAUGNESSY, by and through his attorneys, Metnick, Cherry, Frazier & Sabin, L.L.P., and for his Commentary on Sentencing Factors, states as follows, that:

1. The Defendant has received the Revised Presentence Report and Addendum dated August 15, 2005.

2. In Paragraph 65 of the Revised Presentence Report and Addendum, the Sentencing Guideline Range for a total offense level of 8 and criminal history category of I establishes a guideline range of 0 to 6 months. Because the guideline range is within Zone A, a sentence of imprisonment is not required.

3. In Paragraph 79 of the Revised Presentence Report and Addendum, the Government and Probation Officer take the position that an upward departure may be appropriate pursuant to U.S.S.G. § 5K2.0 due to the number of forged prescriptions.

4. An upward departure pursuant to U.S.S.G. § 5K2.0 is not warranted in this case. Application Note 3(B)(i) states that "... inasmuch as the Commission has continued to monitor and refine guidelines since their inception to determine the most appropriate

weight to be accorded the mitigating and aggravating circumstances specified in the guidelines, it is expected that departures based on the weight accorded to such circumstances will occur rarely and only in exceptional cases." U.S.S.G. § 5K2.0 [comment. (N.3(B)(i)]. Like the drug quantity tables under U.S.S.G. § 2D1.1, the Sentencing Commission could have easily considered the number of prescriptions or controlled substances in coming up with the base offense level under U.S.S.G. § 2D2.2 but clearly they did not do so. The Commission likely took into consideration the fact that a person convicted of acquiring a controlled substance by forgery, fraud, deception, or subterfuge likely does so because of a drug addiction. The number of forged prescriptions by the Defendant shows the extent of his addiction. There is no evidence to suggest that the controlled substances were for distribution purposes. If there had been any such evidence, the Defendant would have been charged under 21 U.S.C. § 841(a)(1) and faced sentencing pursuant to the drug quantity tables under U.S.S.G § 2D1.1.

5.    Additionally, the number of prescriptions forged by the Defendant was facilitated by his position as a pharmacist. Therefore, the number of prescriptions is taken into consideration by the 2 level increase for Use of Special Skill under U.S.S.G. § 3B1.3 as found in Paragraph 24 of the Revised Presentence Report and Addendum.

6.    Finally, the Government adopts the position of the Probation Officer who suggests that the number of forged prescriptions may warrant an upward departure. However, in Paragraph 20 of the Plea Agreement and Stipulation of Facts filed April 28, 2005, the Government previously agreed to recommend a sentence within the Sentencing Guideline range. As mentioned, the Sentencing Guideline range is 0-6 months.

                Respectfully submitted,

                KEVIN O'SHAUGNESSY, Defendant

                By: /s/ Michael B. Metnick
                        One of His Attorneys

Michael B. Metnick (1893335)
METNICK, CHERRY, FRAZIER & SABIN, L.L.P.
Suite 200 Myers Building
P.O. Box 12140
Springfield, IL 62791
(217) 753-4242

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Gerard A. Brost

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF system participant:

      Ms. Mary J. Kennedy
      U.S. Probation Office
      100 N.E. Monroe, Suite 314
      Peoria, IL 61602

      /s/ Michael B. Metnick